**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JARIO CHAJON,

                Petitioner,

   v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No. 14-72341

Agency No. A 087-680-912

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 13, 2018
San Francisco, California

Before: BEA and MURGUIA, Circuit Judges, and SOTO**, District Judge.

Petitioner Jario Chajon ("Chajon"), a native and citizen of Guatemala, appeals

the denial by the Board of Immigration Appeals ("BIA") of his applications for

withholding of removal and relief under the Convention Against Torture ("CAT").

Reviewing both determinations "under the deferential substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Alan Soto, District Judge for the U.S. District Court for
the District of Arizona, sitting by designation.

1

standard," *see Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), we deny his petitions for withholding of removal and CAT relief. However, in light of the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), we remand for the BIA to consider whether Chajon is eligible for cancellation of removal under 8 U.S.C. § 1229b. Because the parties are familiar with the facts and procedural history of this case, we need not recount them here.

1. Chajon challenges the BIA's adverse credibility determination solely on the ground that his counsel rendered ineffective assistance. However, we generally "require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). Because a claim for ineffective assistance, "by its nature, can rarely be presented to the BIA on direct appeal," *id.*, "[a] motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of counsel claim before the BIA," *id.* at 1123. Therefore, Chajon should have raised his ineffective assistance of counsel claim in a motion to reopen before the BIA. He did not. His failure to do so precludes this court from considering that claim at this stage. *See id.*

2. Even without the adverse credibility determination, substantial evidence supports the BIA's conclusion that Chajon failed to demonstrate entitlement to withholding of removal. Unless a statutory exception applies, the Attorney General may not deport an alien to a country where his "life or freedom would be threatened

2

. . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of proving eligibility for such relief. *Unuakhaulu v. Gonzales*, 416 F.3d 931, 937 (9th Cir. 2005). Proof of past persecution on account of a protected ground triggers a rebuttable presumption that the alien's life or freedom would be threatened in the future. *See* 8 C.F.R. § 1208.16(b)(1). However, if the alien cannot show past persecution, he must demonstrate that it is more likely than not that he will be persecuted on account of a protected ground if deported. *Unuakhaulu*, 416 F.3d at 937; 8 C.F.R. § 1208.16(b)(2).

First, Chajon failed to offer corroborating evidence that he suffered past persecution. As the BIA observed, Chajon testified that he and his girlfriend, Brenda, were involved in an altercation with gang members at a party in 1998; but Chajon failed to obtain a written statement from Brenda to corroborate the incident. Chajon also testified that he feared gang violence based on his friend Danny's warning that members of the gang were out to kill him, but he failed to submit a written statement from Danny as well. It was not error for the BIA to discredit Chajon's testimony and dismiss his petition in part on this basis. *See Sidhu v. INS*, 220 F.3d 1085, 1090, 1091 (9th Cir. 2000) (holding that a petition is properly denied "where an applicant inexplicably fails to present easily available, material, non-duplicative, corroborating evidence" to support his claim, and that "failure to

produce such evidence can constitute substantial evidence supporting an adverse credibility determination").

Second, Chajon failed to establish a nexus between his claimed fear of persecution and the protected ground of "family members of police officers in Guatemala" because (i) the country condition reports which he presented do not compel the conclusion that police families are the targets of gang violence in Guatemala; (ii) the threats of which Chajon complains are not enough to demonstrate persecution, *see C.J.L.G. v. Sessions*, 880 F.3d 1122, 1140 (9th Cir. 2018) ("[M]ere threats do not compel a finding of past persecution."); and (iii) contrary to Chajon's argument, the immigration judge had no duty to proffer evidence on his behalf.

3. Substantial evidence also supports the BIA's determination that Chajon failed to demonstrate entitlement to relief under the CAT. To establish entitlement to such relief, an alien bears the burden of establishing that, if removed to his country of origin, "he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment." *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). "[A] petitioner carries this burden whenever he or she presents evidence establishing 'substantial grounds for believing that he [or she] would be in danger of being subjected to torture' in the country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (citation omitted) (second alteration in original). Chajon bases his application for CAT relief on the same factual claims as his petition for withholding of removal. Those claims fail to establish likelihood of torture here for

4

the same reasons they failed to establish likelihood of persecution there. Chajon's testimony was not credible; his claims were uncorroborated by evidence; and, even assuming his claims were true, they do not compel the conclusion that Chajon will more likely than not be subject to torture upon his return to Guatemala.

4. After briefing was complete in this case, Chajon filed a letter of supplemental authorities under Federal Rule of Appellate Procedure 28(j), arguing that the Supreme Court's recent decision in *Pereira*, 138 S. Ct. at 2119–20, requires this court to remand this case for reconsideration of Chajon's application for cancellation of removal under 8 U.S.C. § 1229b. Because the merits of any such application—if indeed he filed one—are not before the panel, we remand to the BIA to consider whether Chajon is eligible for relief in light of *Pereira*, or, whether a subsequently delivered notice of hearing, which contains the "time and place" at which the alien must appear, *see* § 1229(a)(1)(G)(i), cures a notice to appear that is defective under *Pereira*, such that the stop-time rule set forth in § 1229b(d)(1) is triggered. [1]

**PETITION FOR REVIEW DENIED; REMANDED.**

---

[1] For purposes of remand, we note that the record shows that on November 27, 2009, less than 10 years after his 2002 entry to the U.S., the immigration court sent Chajon a "Notice of Hearing" specifying the date (May 4, 2010) and time (8:30 a.m.) of his immigration hearing. The record also demonstrates that Chajon appeared at that hearing on May 4, 2010, which proves that he received the notice.